# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

**CECILE T. ELLENDER**       **CIVIL ACTION NO. 08-0722**

**VERSUS**       **JUDGE DOHERTY**

**RITE AID PHARMACY, ET AL**       **MAGISTRATE JUDGE METHVIN**

*MEMORANDUM RULING*
*(Rec. Docs. 6 and 7)*

This slip and fall case was removed to this court from the 16th Judicial District Court for Iberia Parish on grounds of diversity. Plaintiff has now filed two related motions: 1) Motion for Leave of Court to File First Supplemental and Amending Petition for Damages (rec.doc. 6); and 2) Motion to Remand (rec. doc. 7). The first motion seeks to add a non-diverse defendant. Both motions are opposed.

## *Background*

Plaintiff filed suit in Iberia Parish on April 15, 2008, against Rite Aid Corporation, its unknown employee Jane Doe, and unknown insurer XYZ Insurance Company. Plaintiff served interrogatories with its petition that requested the identification of employee Jane Doe. Jane Doe was named in plaintiff's petition as follows:

1.

Made defendant herein is:

\* \* \*

b.      JANE DOE, an as yet unidentified person of the age of majority, being an employee of Rite Aid Pharmacy at all times relative to the incident made the subject of this litigation and believed to be a resident of Iberia Parish, Louisiana;

Plaintiff alleged the following against Jane Doe (Paragraph 3):

> As plaintiff was walking down an aisle in the store she slipped and fell on a slick substance placed on the floor by the unidentified employee of defendant, Rite Aid. Plaintiff believes and so believing alleges that the employee has [sic] sprayed ant poison across the entire aisle and it was this substance which made the floor slippery.

Rite Aid removed the matter to federal court on May 22, 2008, alleging diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332. The notice of removal alleges that "Jane Doe" and "XYZ Insurance" are nominal defendants who were fraudulently joined. On July 24, 2008, plaintiff filed the pending motions, seeking to substitute Rite Aid employee Verishia Youman, a citizen of Louisiana, in place of Jane Doe; to allege that Verishia Youman had an independent duty to the plaintiff; and, to remand the matter to state court due to lack of diversity of citizenship between the parties.

## *Applicable Law*

In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), the plaintiffs added a new, previously unnamed party to the litigation after removal, and ultimately the amendment and the jurisdiction of the court were challenged.[1] The *Hensgens* factors, listed below, were developed with the interest of balancing the competing interests of "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" and the diverse defendant's interest in retaining the federal forum. *Hensgens*, at 1182. With those interests in mind, the *Hensgens* court gave the following as factors to be considered when a

---

[1]The plaintiff in this case is not seeking to add a new defendant, but to substitute a named defendant for a fictitious one previously named. The parties both argue using the *Hensgens*' analysis. Some courts have not used a strict *Hensgens*' analysis in this type of situation, see *Jackson v. Wal-Mart Stores*, 2003 WL 22872100 (E.D.La.2003). However, they use a *Hensgens*' framework, reasoning that because allegations were first brought against the fictitiously named defendant in the state court petition, indicia of design to defeat diversity are lacking.

non-diverse defendant is sought to be added to removed federal court litigation based on diversity jurisdiction: 1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; 2) whether the plaintiff has been dilatory in asking for the amendment; 3) whether the plaintiff will be significantly injured if the amendment is not allowed; and 4) any other factors bearing on the equities.

28 U.S.C. § 1447(e) reads as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Therefore, if the motion to amend is granted, and the joinder of the non-diverse defendant allowed, the matter must be remanded to state court. *Hensgens,* at 1182, referencing 28 U.S.C. § 1447(c) and *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976).

### *Argument of Parties*

The plaintiff argues that she should be allowed to amend her petition and have the matter remanded to state court because she named Jane Doe as a fictitious defendant in the original petition, diligently sought the identification of Jane Doe, and moved to amend to substitute Verishia Youman for Jane Doe as soon as practicable after she discovered her identity on July 11, 2008, when defendant answered her discovery request for same. Plaintiff further argues that Rite Aid improvidently removed the matter, as it knew that Jane Doe was likely a

Louisiana resident, and but for Rite Aid's refusal to timely identify its employee, the matter would not have been removable.[2]

Rite Aid argues that the plaintiff should not be allowed to amend her petition because the plaintiff is "attempting to add an unnecessary party to destroy federal jurisdiction."[3] Rite Aid argues that Verisha Youman's presence is not necessary for a complete adjudication of the matter, because Rite Aid has stipulated that Youman was acting in the course and scope of her employment and that Rite Aid is vicariously liable for her actions.[4]

*Analysis*

There is no indication that the purpose of the amendment is to defeat diversity. The plaintiff is not seeking to add a new defendant. Instead, plaintiff is seeking to substitute a named defendant, Verishia Youman, for a fictitious defendant, Jane Doe, who was present in the original petition for damages. The plaintiff has not been dilatory is asking for the amendment, as she sought the actual name of Rite Aid's employee from Rite Aid, who had possession of the information, from the beginning of the litigation. The plaintiff received the employee's name on July 11, 2008, and filed the motion to amend on July 24, 2008. Furthermore, the plaintiff may be injured if the amendment is not allowed, even though Rite Aid has stipulated to vicarious liability. Plaintiff alleges that the employee defendant was directly involved in the incident, and

---

[2]Plaintiff does not specifically ask for costs or attorneys' fees in either its motion to remand or memorandum in support thereof, although in its proposed order a line therein includes an award for court costs, expenses and attorney fees. As court costs, expenses and attorney fees were not motioned for, nor briefed, their award will not be considered.

[3]*Memorandum in Opposition to Motion to Amend and Incorporated Memorandum in Opposition to Motion to Remand* (rec. doc. 9), p. 1.

[4]*Memorandum in Opposition to Motion to Amend and Incorporated Memorandum in Opposition to Motion to Remand* (rec. doc. 9)., p. 3; *Stipulation* (rec. doc. 10).

discovery and case preparation will be significantly affected if she is a non-party rather than a party to the litigation.[5]

In *Hensgens,* the Fifth Circuit stated that balancing the competing interests of parallel federal and state proceedings with the diverse defendant's interest in maintaining a federal forum was "not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party" and that the district court "should use its discretion in deciding whether to allow that party to be added." *Hensgens*, at 1182.

In this matter, an analysis under the *Hensgens'* factors leads to the conclusion that the plaintiff should be allowed to amend her petition to substitute Vernishia Youman as a defendant in place of Jane Doe, and to allege that she individually owed an independent duty to the plaintiff.

### *Conclusion*

For the reasons given above, the plaintiff's Motion for Leave of Court to File First Supplemental and Amending Petition for Damages (rec. doc. 6) will be granted. Accordingly, plaintiff's Motion to Remand & Notice of Motion to Remand (rec. doc. 7) will also be granted due to lack of diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332. As this decision was rendered on the briefs, Plaintiff's Request for Hearing & Notice of Hearing (rec. doc. 12) will be DENIED.

---

[5] As examples, if Youman is not a party, then she has no Fed. R. Civ. P. 26(a)(1) obligations; her attendance at depositions must be compelled by subpoena under Fed. R. Civ. P. 45; the use of her deposition is more restrictive under Fed. R. Civ. P. 32(a)(2); under Fed. R. Civ. P. 33, interrogatories may be served only on parties; and Fed. R. Civ. P. 34 allows requests for production of documents to be served on non-parties only pursuant to Fed. R. Civ. P. 45.

The Order of Remand will be stayed for fifteen (15) days to allow time for any appeal of this ruling.

Signed at Lafayette, Louisiana, on September 8, 2008.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)